
```
George C. Paine, II
US Bankruptcy Judge
Dated: 06/17/08
```



# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

*In Re:*

***DELORES D.M. GEDDES,***

*Case No. 308-00713*
*Chapter 13*
*Honorable Marian F. Harrison*

___

## *MEMORANDUM*
___

This matter is before the court on the confirmation of Delores D.M. Geddes' ("debtor") proposed Chapter 13 Plan, and the objection filed thereto by Kia Motors Finance Company ("Kia"). The debtor seeks to cramdown Kia's claim asserting that although this is a "910 vehicle," it was not purchased for the "debtor's personal use," as required by 11 U.S.C. § 1325(a)'s "hanging paragraph." Kia contends that the debtor may not utilize 11 U.S.C. § 506 to cram down the claim because the vehicle was purchased for the debtor's personal use. The following constitutes this court's findings of fact and conclusions of law.

The debtor filed a chapter 13 bankruptcy petition on January 29, 2008. Within 365 days of the petition, the debtor contracted with Kia for the purchase of a 2007 Kia Spectra. Kia's Proof of Claim states it is owed $19,463.31, but the debtor's plan proposes to pay Kia $13,575 at an interest rate of 6.5%. Kia objected to confirmation alleging that: (1) the plan understates the value of the collateral; (2) the plan does not provide for Kia's secured claim at the interest rate agreed upon at the time of purchase; and (3) the plan proposes an unreasonable length of time to repay the debt. In addition,

Kia objected because the debtor had not provided proof of insurance on the car. Prior to the confirmation hearing, the parties agreed that the only remaining issue for the court was whether the debtor must treat the Kia as a "910" car under 11 U.S.C. § 1325(a)'s hanging paragraph.

Relevant provisions of 11 U.S.C. § 1325(a) of BAPCPA provide:

> (a) Except as provided in subsection (b), the court shall confirm a plan if-
> ...
> (5) with respect to each allowed secured claim provided for by the plan-
> (A) the holder of such claim has accepted the plan;
> (B) ...
> (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim ...; or
> (C) the debtor surrenders the property securing such claim to such holder.

11 U.S.C. § 1325(a)(5)(B)(ii). The hanging paragraph following § 1325(a)(9) provides:

> For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day [period] preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor, or if the collateral for the debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing.

The parties stipulated that all applicable provisions of the hanging paragraph have been met requiring the debtor to treat the Kia as a "910" car, save one: whether the vehicle was acquired for the "personal use of the debtor."

For the reasons cited herein, the court finds that the vehicle was not acquired for the debtor's personal use thereby rendering the "hanging paragraph" inapplicable in this case. The court addressed this issue in an earlier case, ***In re Smith***, Case no. 305-

2-U.S. Bankruptcy Court, M.D. Tenn.

Case 3:08-bk-00713   Doc 40   Filed 06/17/08   Entered 06/17/08 14:08:32   Desc Main
Document      Page 2 of 6

16055, Docket No. , (Bankr. M.D. Tenn., Sept. 12, 2006). In that case, the court considered whether a non-filing spouse's use of a vehicle was acquired for a debtor's "personal use." This court, quoting extensively from *In re Jackson*, 338 B.R. 923 (Bankr. M.D. Ga., 2006) reasoned:

> The BAPCPA amended section 1325 so that certain secured debts may no longer be "stripped down." When all of the elements of section 1325(a) are met, then a creditor's claim cannot be crammed down. Section 506 shall not apply to a claim if the creditor has a:
> (1) purchase money security interest securing the debt that is the subject of the claim,
> (2) the debt was incurred within the 910-day [period] preceding the date of the filing of the petition, and
> (3) the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49)
> (4) acquired for the personal use of the debtor. . .
>
> 11 U.S.C. § 1325(a)(9). If these four requirements are satisfied, the allowed secured claim of the creditor is fixed at the amount of the creditor's claim without resorting to the stripping down procedure mandated by § 506(a). ***Rowley v. Wells Fargo Financial Acceptance,*** __ B.R. __, 2006 WL 2466648 (Bankr. S.D. Ill., Aug. 25, 2006).
>
> Considerable judicial debate surrounds the "hanging paragraph." Very few opinions, however, have addressed the requirement that the vehicle be "acquired for the personal use of the debtor." One case addressing the issue is ***In re Jackson***, 338 B.R. 923 (Bankr. M.D. Ga. 2006). In that case, the court endeavored to decipher Congress' intent concerning the debtor's personal use:
>
>> In interpreting the hanging paragraph, the Court begins with the principle that it must enforce the plain language of the statute unless doing so leads to an absurd result. ***Lamie v. U.S. Trustee***, 540 U.S. 526, 534, 124 S.Ct. 1023, 1030, 157 L.Ed.2d 1024 (2004) (quoting ***Hartford Underwriters Ins. Co. v. Union Planters Bank***, 530 U.S. 1, 6, 120 S.Ct. 1942, 1947, 147 L.Ed.2d 1 (2000)). Furthermore, " '[i]t is generally presumed that Congress acts intentionally and purposefully when it includes particular language in one section of a statute but omits it in another.' " ***BFP v. Resolution Trust Corp.***, 511 U.S. 531, 537, 114 S.Ct. 1757, 1761, 128 L.Ed.2d 556 (1994) (quoting ***Chicago v. Environmental Defense Fund***, 511 U.S. 328, 338, 114 S.Ct. 1588, 1593, 128 L.Ed.2d 302 (1994)).
>>
>> In this case, the statute applies to a motor vehicle "acquired for the personal use of the debtor." Nissan does

> not argue that this language is in any way vague or ambiguous. In fact, it is the one portion of the hanging paragraph of unquestionable clarity in the Court's view. Nissan does argue, however, that the "personal use of the debtor" may include family or household use. However, when Congress wants to include family or household use within the scope of a statute, it knows how to do so. For example, § 101(8) provides, "The term 'consumer debt' means debt incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). The phrase also arises in § 365(d)(5) (regarding performance of obligations under an unexpired lease); § 506(a)(2) (regarding valuation of certain property); § 507(a)(7) (regarding deposits for the acquisition of certain property); and several subsections of § 522 (regarding exempt property). Consequently, the omission of "family and household" use from the hanging paragraph demonstrates that Congress intended "personal use" standing alone to have a different meaning.
>
> "Personal" is defined as "[o]f or relating to a particular person; private." AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE (4th ed.2000). In this case, the vehicle must have been acquired for the use of a particular person-Debtor-for the hanging paragraph to apply. Nissan has conceded that the Grand Prix was purchased to replace Debtor's wife's previous car, that she has at all times been the primary driver of the Grand Prix, and that Debtor has primary use of a different vehicle. Because the Grand Prix was not acquired for Debtor's personal use, the hanging paragraph does not apply to Nissan's claim.
>
> ***In re Jackson*** 338 B.R. 923, 925-926 (Bankr. M.D. Ga. ,2006)(footnote omitted). ***See also In re Lewis***, \_\_ B.R. \_\_, 2006 WL 2372162 (Bankr. D. Kan., Aug. 3, 2006) (although hinting it might rule differently for a spouse of a debtor, finding that "motor vehicle acquired for use by adult daughter was not acquired for "personal use of the debtor.").

This court concluded that a vehicle which the debtor drove only to fill it with gas for his wife, have it serviced for his wife, and occasionally to go to church as a family on Sundays, was not a vehicle acquired for the debtor's personal use. ***See also In re Horn***, 338 B.R. 110 (Bankr. M.D.Ala. 2006); and ***In re Lewis***, 347 B.R. 769 (Bankr. D.Kan. 2006) (holding that personal use cannot reasonably be stretched to include a vehicle acquired for the use of an independent adult child who does not live with the debtor).

Looking at the totality of circumstances in this case, the court is convinced that this is not a vehicle acquired for the debtor's personal use. The uncontested proof in this case shows that the debtor purchased the car, not for herself, but for her adult daughter. The car was titled at the adult daughter's address. The debtor has never driven the car and does not have a key to the car. The car was purchased by the debtor in order to provide transportation for her daughter to gain employment and to care for the debtor's grandchild. The debtor also explained that her employment required her to use her own car extensively for travel, and the Kia was her daughter's only car.

Given the facts in this particular case, the court hereby OVERRULES Kia's objection to confirmation of the debtor's proposed plan based on failure to treat Kia as a 910-creditor. The court finds that cramdown of Kia's claim is permitted because the car at issue was not "acquired for personal use of the debtor" as required by 1325(a)(9)'s hanging paragraph. The court instructs counsel for the debtor to prepare an order not inconsistent with this court's ruling within ten (10) days of entry of this Memorandum.

It is, THEREFORE, so ordered.
This ____ day of June, 2008.

***THIS MEMORANDUM WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE.***

6-U.S. Bankruptcy Court, M.D. Tenn.

This Order has Been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.